### McLEAN v. WABASH R. CO. et al.

### No. 1237.

District Court, W. D. Missouri, W. D.

Dec. 8, 1942.

Cope & Hadsell, of Kansas City, Mo., for plaintiff.

Sebree, Shook & Gisler, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The only question presented here is whether the plaintiff has a right to dismiss as to the removing defendant Wabash Railroad Company.

■ An examination of the complaint discloses that said defendant is not an indispensable party. It is optional whether the plaintiff should have made said defendant a party. While the motion to dismiss asserts that notice was given and it was filed before the said Wabash Railroad Company had answered, the notice shows that it was served upon counsel for the said defendants on the 9th day of July, 1942, whereas the removing defendant had answered on July 1, 1942. This is mentioned for the reason that the order of dismissal should be under subsection (2) of Rule 41(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The plaintiff would not be entitled, as a matter of right, to dismiss the action. Under said sub-paragraph (2) the plaintiff would have a right to seek dismissal of its action against either one or all of the defendants. After answer, however, the plaintiff is not entitled to dismiss "save upon order of the court and upon such terms and conditions as the court deems proper."

■ After filing the motion for dismissal and the service of notice upon counsel for plaintiff, no objection has been interposed to such dismissal and no showing has been made as to what special terms and conditions should be imposed. Under such circumstances the plaintiff would be entitled to dismiss without condition. United States v. Commercial Solvents Corporation of Delaware, D.C., 25 F.Supp. 653.

■ It is alleged in the motion to remand that all of the other defendants filed answers in the state court before removal and have submitted to the jurisdiction of that court. Upon dismissal as to the removing defendant, the case should be remanded to the court from which it was removed. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.